United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND CHARLES MORRIS,<br><br>Petitioner,<br><br>v.<br><br>J. MACDONALD, Warden,<br><br>Respondent. | Case No. 16-cv-01736-DMR (PR)<br><br>**ORDER OF TRANSFER** |

Petitioner, a state prisoner who is incarcerated at the La Palma Correctional Center in Arizona, has filed this *pro se* petition for a writ of habeas corpus challenging a judgment of conviction from the Shasta County Superior Court. Dkt. 1. Petitioner has consented to magistrate judge jurisdiction in this action, which has been assigned to the undersigned Magistrate Judge. *Id.* at 8. Petitioner has also filed a motion for leave to proceed *in forma pauperis*. Dkt. 2.

A petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a State which contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). The district court where the petition is filed, however, may transfer the petition to the other district in the furtherance of justice. *See id*. Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). If the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. *See* Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

Here, Petitioner challenges a conviction and sentence incurred in the Shasta County Superior Court, which is within the venue of the Eastern District of California. *See* 28 U.S.C.

1  § 84.  Because Petitioner is challenging his conviction, venue for the instant habeas action is
2  proper in the district of conviction.  28 U.S.C. § 2241(d).
3  Pursuant to 28 U.S.C. § 1406(a) and Habeas L.R. 2254-3(b), and in the interest of justice,
4  this action is TRANSFERRED to the United States District Court for the Eastern District of
5  California.[1]  The Clerk shall transfer the case forthwith.
6  All remaining pending motions are TERMINATED on this court's docket as no longer
7  pending in this district.  Dkt. 2.
8  IT IS SO ORDERED.
9  Dated:  April 14, 2016

DONNA M. RYU
United States Magistrate Judge

---

[1] Venue transfer is a non-dispositive matter and, thus, it falls within the scope of the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).

2